IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURICE DARONTE DAVIS,<br><br>    Plaintiff,<br><br>    v.<br><br>LARSEN, et al.,<br><br>    Defendants. | No. 2:24-CV-0460-DMC-P<br><br><br><br>ORDER |

Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's original complaint, ECF No. 1.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). This provision also applies if the plaintiff was incarcerated at the time the action was initiated even if the litigant was subsequently released from custody. See Olivas v. Nevada ex rel. Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017). The Court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1), (2). Moreover, the Federal Rules of Civil Procedure require that complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1    entitled to relief." Fed. R. Civ. P. 8(a)(2). This means that claims must be stated simply,

2    concisely, and directly. See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3    Fed. R. Civ. P. 8(e)(1)). These rules are satisfied if the complaint gives the defendant fair notice

4    of the plaintiff's claim and the grounds upon which it rests. See Kimes v. Stone, 84 F.3d 1121,

5    1129 (9th Cir. 1996). Because Plaintiff must allege with at least some degree of particularity

6    overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7    to satisfy this standard. Additionally, it is impossible for the Court to conduct the screening

8    required by law when the allegations are vague and conclusory.

## I. PLAINTIFF'S ALLEGATIONS

This action proceeds on Plaintiff Maurice Daronte Davis' original complaint. See ECF No. 1. Plaintiff names the following as defendants: (1) Larsen, (2) D. Strave, and (3) D. Minh. Id. at 1.

Plaintiff's only claim alleges that he was improperly found guilty of stealing food because he was not permitted to review body camera footage of the incident. Id. at 2. Plaintiff alleges this was done in retaliation for Plaintiff filing a prior claim against a warden. Id. at 5.

Plaintiff works as a central kitchen worker in the pantry area at California State Prison, Sacramento (CSPC). Id. at 2. Plaintiff and other central kitchen workers are not allowed to eat until after prison staff and inmates in segregation are fed. Id. On July 1, 2023, there was no food left for Plaintiff and other central kitchen workers to eat after staff and inmates were fed, so Plaintiff and other workers cooked food for themselves. Id. Defendant Minh saw Plaintiff cooking and asked what he was doing. Id. Plaintiff explained he was cooking and was going to take the food back to his cell, and Defendant Minh replied by saying "OK". Id. Defendant Minh subsequently submitted a "write-up," in which he stated Plaintiff refused a body search and stole food. Id.

26   / / /

27   / / /

28   / / /

Plaintiff asked Defendant Larsen for witnesses and to review footage of the incident from Defendant Minh's body camera. Id. Defendant Larsen denied access to both. Id. Plaintiff was told that D. Minh did not submit any "audio/video," which Plaintiff claims violates California Department of Corrections and Rehabilitation's (CDCR) policies. Id. at 3. Plaintiff also claims that no mental health personal saw him. Id. at 2. Plaintiff claims that he was improperly found guilty of the violation because Defendant Minh did not submit footage from his body camera and because Plaintiff was not able to see it. Id. at 3.

## II. DISCUSSION

Plaintiff's complaint states a cognizable due process claim against Defendants Larson and Minh. However, Plaintiff's retaliation claim exhibits a number of defects. Plaintiff also fails to state facts connecting Defendant Strave and any alleged constitutional violations. Plaintiff will be given an opportunity to amend his complaint or proceed on his due process claims against Defendants Lawson and Minh only.

### A. **Due Process**

The Due Process Clause protects prisoners from being deprived of life, liberty, or property without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or property interest for which the protection is sought. See Ingraham v. Wright, 430 U.S. 651, 672 (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972). Due process protects against the deprivation of property where there is a legitimate claim of entitlement to the property. See Bd. of Regents, 408 U.S. at 577. Protected property interests are created, and their dimensions are defined, by existing rules that stem from an independent source – such as state law – and which secure certain benefits and support claims of entitlement to those benefits. See id.

With respect to prison disciplinary proceedings, due process requires prison officials to provide the inmate with: (1) a written statement at least 24 hours before the disciplinary hearing that includes the charges, a description of the evidence against the inmate, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the inmate is illiterate. See Wolff, 418 U.S. at 563-70. Due process is satisfied where these minimum requirements have been met, see Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in the record as a whole which supports the decision of the hearing officer, see Superintendent v. Hill, 472 U.S. 445, 455 (1985). The "some evidence" standard is not particularly stringent and is satisfied where "there is any evidence in the record that could support the conclusion reached." Id. at 455-56. However, a due process claim challenging the loss of good-time credits as a result of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by way of habeas corpus. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

Plaintiff has stated cognizable due process claims against Defendants Larson and Minh. Plaintiff alleges Defendant Larson violated his due process rights by denying him a fair hearing when Defendant Larson denied Plaintiff access to review body camera footage of the incident underlying the rules violation report. ECF No. 1 at 3. Plaintiff claims he is entitled to review body camera footage when an inmate is faced with disciplinary action. Id. Plaintiff has stated a cognizable due process claim against Defendant Minh because he alleges Defendant Minh wrote a false rules violation report. Id. at 2.

### B. Retaliation

In order to state a claim under 42 U.S.C. § 1983 for retaliation, the prisoner must establish that he was retaliated against for exercising a constitutional right, and that the retaliatory action was not related to a legitimate penological purpose, such as preserving institutional security. See Barnett v. Centoni, 31 F.3d 813, 815-16 (9th Cir. 1994) (per curiam). In meeting this standard, the prisoner must demonstrate a specific link between the alleged retaliation and the exercise of a constitutional right. See Pratt v. Rowland, 65 F.3d 802, 807 (9th Cir. 1995); Valandingham v. Bojorquez, 866 F.2d 1135, 1138-39 (9th Cir. 1989). The prisoner must also show that the exercise of First Amendment rights was chilled, though not necessarily silenced, by the alleged retaliatory conduct. See Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000), see also Rhodes v. Robinson, 408 F.3d 559, 569 (9th Cir. 2005). Thus, the prisoner plaintiff must

establish the following in order to state a claim for retaliation: (1) prison officials took adverse action against the inmate; (2) the adverse action was taken because the inmate engaged in protected conduct; (3) the adverse action chilled the inmate's First Amendment rights; and (4) the adverse action did not serve a legitimate penological purpose. See Rhodes, 408 F.3d at 568.

As to the chilling effect, the Ninth Circuit in Rhodes observed: "If Rhodes had not alleged a chilling effect, perhaps his allegations that he suffered harm would suffice, since harm that is more than minimal will almost always have a chilling effect." Id. at n.11. By way of example, the court cited Pratt in which a retaliation claim had been decided without discussing chilling. See id. This citation is somewhat confusing in that the court in Pratt had no reason to discuss chilling because it concluded that the plaintiff could not prove the absence of legitimate penological interests. See Pratt, 65 F.3d at 808-09. Nonetheless, while the court has clearly stated that one of the "basic elements" of a First Amendment retaliation claim is that the adverse action "chilled the inmates exercise of his First Amendment rights," id. at 567-68, see also Resnick, 213 F.3d at 449, the comment in Rhodes at footnote 11 suggests that adverse action which is more than minimal satisfies this element.

Here, Plaintiff does not allege any facts that show Defendants knew about Plaintiff's lawsuit against the warden at any time. As such, Plaintiff failed to show that Defendants' adverse action was taken because the Plaintiff engaged in the protected conduct of bringing forth lawsuits. Plaintiff will be given an opportunity to amend his complaint.

    **C.**    **Causal Link**

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations. See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See

Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982). Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988).

Here, Plaintiff fails to state any facts linking Defendant Strave to any alleged constitutional violations. Although Defendant Strave is named as a Defendant, he is not mentioned anywhere in Plaintiff's complaint. Plaintiff will be given an opportunity to amend his complaint.

### III. CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, Plaintiff is entitled to leave to amend. See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc). Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Therefore, if Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make Plaintiff's amended complaint complete. See Local Rule 220. An amended complaint must be complete in itself without reference to any prior pleading. See id.

If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation. See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Because the complaint appears to otherwise state cognizable claims, if no amended complaint is filed within the time allowed therefor, the Court will issue findings and recommendations that the claims identified herein as defective be dismissed, as well as such further orders as are necessary for service of process as to the cognizable claims.

/ / /

/ / /

1       Accordingly, IT IS HEREBY ORDERED that Plaintiff may file a first amended complaint within 30 days of the date of service of this order.

Dated:  April 16, 2024

_____
DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE